**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TOMMY JOE PATTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-519-GKF-FHM |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus for failure to exhaust state remedies (Dkt. # 8). Petitioner, a state prisoner appearing *pro se*, has not filed a response to the motion to dismiss. For the reasons discussed below, the Court finds the petition is a "mixed petition," subject to dismissal without prejudice for failure to exhaust state remedies. However, the Court further finds Petitioner should be afforded the opportunity to file an amended petition containing only his exhausted claim and deleting his unexhausted claims.

*BACKGROUND*

Petitioner was convicted by a jury of one count of Lewd Molestation, AFCF, in Washington County District Court, Case No. CF-2006-136. He was sentenced to twenty-five (25) years imprisonment. Attorney Jim Conatser represented Petitioner at trial.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2006-1161. On direct appeal, Petitioner was represented by attorney Kimberly D. Heinze and he raised seven (7) propositions of error as follows:

> Proposition 1: The State's evidence was insufficient to establish a knowing and intentional touch which occurred in any lewd and lascivious manner and the conviction must be reversed with instructions to dismiss.

> Proposition 2: R.D.'s inherently improbable and uncorroborated testimony contradicted her original denial and cannot support the verdict.
>
> Proposition 3: An evidentiary harpoon denied Mr. Patton a fair trial.
>
> Proposition 4: Admission of prejudicial victim impact evidence during Mr. Patton's single stage trial requires a new trial or favorable modification of his sentence.
>
> Proposition 5: The trial court's denial of the defense requested continuance deprived Mr. Patton of the effective assistance of counsel with time to adequately prepare the defense and resulted in his conviction.
>
> Proposition 6: Mr. Patton's sentence is excessive and must be favorably modified by reducing the term of imprisonment.
>
> Proposition 7: Cumulative errors deprived Mr. Patton of a fair trial and reliable verdict and sentence.

(Dkt. # 9, Ex. 1). By order entered December 20, 2007, the OCCA affirmed Petitioner's convictions and sentences. See Dkt. # 9, Ex. 3; Docket Sheet for F-2006-1161, www.oscn.net. Petitioner has not sought post-conviction relief in the state courts. See Dkt. # 9, Ex. 4.

On September 8, 2008, Petitioner filed his petition for writ of habeas corpus in this Court (Dkt. # 1). He raises four (4) grounds of error, as follows:

> Ground 1: The witnesses for the State did not prove beyond a reasonable doubt I did anything.
>
> Ground 2: The boy and the grandmother did not testify and they were key witnesses to the case.
>
> Ground 3: The case was based on nothing but lies.
>
> Ground 4: I am an innocent man in prison for a crime I did not commit.

See Dkt. # 1. In response to the petition, Respondent filed the motion to dismiss presently before the Court. Respondent argues that the petition should be dismissed without prejudice because

Petitioner has never fairly presented grounds 2, 3, and 4 to the state courts and that those claims are, therefore, unexhausted. See Dkt. # 9. Petitioner did not respond to the motion to dismiss.

## *ANALYSIS*

Habeas corpus relief cannot be granted under § 2254 unless the Petitioner satisfies the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose, 455 U.S. at 518); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998). "In order to exhaust his state remedies, a federal habeas petitioner must have first fairly presented the substance of his federal habeas claim to state courts." Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)).

In this case, Respondent argues that Petitioner's grounds 2, 3, and 4 have not been presented to the state courts. After reviewing the record, including the brief filed by Petitioner on direct appeal, the Court finds that Petitioner did challenge the sufficiency of the evidence on direct appeal and that ground 1, as identified in the petition, is a challenge to the sufficiency of the evidence. Therefore, Petitioner's ground 1 is exhausted. However, Petitioner has not "fairly presented"

grounds 2, 3, and 4 to the state courts.[1] Therefore, in the absence of an exception to the exhaustion doctrine, the instant petition is a "mixed petition," subject to dismissal for failure to exhaust state remedies. Rose, 455 U.S. at 510 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

An exception to the exhaustion doctrine exists if it is clear that the state courts would impose a procedural bar on Petitioner's claims. Coleman v. Thompson, 501 U.S. 722 (1991). To satisfy the exhaustion requirement in this case, Petitioner would be required to file an application for post-conviction relief in Washington County District Court and to appeal any adverse ruling to the OCCA. Pursuant to Okla. Stat. tit. 22, § 1086, the state courts routinely impose a procedural bar on claims that could have been but were not raised in a prior proceeding, including on appeal. In this case, however, it is not futile to require Petitioner to exhaust this claim in state court. There is no statute of limitations applicable to non-capital applications for post-conviction relief, and thus in Oklahoma "an application for post-conviction relief in a non-capital case is always deemed to be timely filed." Moore v. Gibson, 27 P.3d 483, 484 n. 1 (Okla. Crim. App. 2001). Accordingly, Petitioner faces no state limitations issue if he returns to state court to exhaust grounds 2, 3, and 4. Although under Oklahoma law a prisoner may not raise an issue omitted from his direct appeal in

---

[1] Petitioner's grounds 2 and 3 as raised in his habeas petition are challenges to aspects of the evidence presented at trial. He offers little if any factual support for his claims. Nonetheless, it is clear that grounds 2 and 3 are not substantially equivalent to any proposition of error raised on direct appeal and have not been fairly presented to the state courts. Although Petitioner challenged the sufficiency of the evidence in proposition 1 of his direct appeal brief, he did not complain that "the boy and grandmother did not testify" as he does in his habeas ground 2. Similarly, Petitioner argued in proposition 2 on direct appeal that the testimony of the victim, R.D., was inherently improbable and uncorroborated, but he did not claim that any of the other witnesses offered untruthful testimony as he appears to claim in his habeas ground 3 where he alleges that "the case was based on nothing but lies." In addition, ground 4 is a stand-alone claim of innocence, a claim that was not raised on direct appeal.

an application for post-conviction relief, there are exceptions to this rule. See Jones v. State, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). Specifically, prisoners may raise issues not asserted on direct appeal if "sufficient reason" prevented the assertion of the error, or if the defendant bypassed direct appeal because of a procedural error of counsel. Id.; see also Okla. Stat. tit. 22, § 1086; Pickens v. State, 910 P.2d 1063, 1069 (Okla. Crim. App. 1996) (stating that for ineffective assistance of counsel claims raised for the first time in post-conviction proceedings, the court will "review each case on its individual merits, examining each specific proposition in connection with the specific facts of each case as that need arises"); Paxton v. State, 910 P.2d 1059, 1061-62 (Okla. Crim. App. 1996) (noting exceptions to the rule that ineffective assistance claims not raised on direct appeal may be waived). Because there is a possibility that the state court may allow review of Petitioner's claims under one of these exceptions, there remains an available state avenue of redress, and Petitioner must exhaust that remedy before proceeding with his federal habeas petition. See 28 U.S.C. § 2254(c); see also, e.g., Braggs v. Attorney Gen. of Okla., No. 98-6156, 1998 WL 864070, at *2 (10th Cir. Dec. 14, 1998) (unpublished); Garza v. Gibson, No. 99-7036, 1999 WL 1054679, at *2 (10th Cir. Nov. 22, 1999) (unpublished).

As the petition contains both exhausted and unexhausted claims, it is a "mixed petition" and is subject to dismissal without prejudice. Pliler v. Ford, 542 U.S. 225, 227, 230 (2004). As a practical matter, this leaves the Court with the option to either "dismiss the entire petition without prejudice in order to permit exhaustion of state remedies; or . . . deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) (footnote omitted). The Court may also allow a petitioner to amend the habeas petition to delete the unexhausted claims, and proceed only on the exhausted claims. Rose, 455 U.S. at 510. Additionally, in "limited

circumstances," the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Moore, 288 F.3d at 1235 n.4. However, this procedure is only available when the petitioner has demonstrated "good cause" for the failure to exhaust, the unexhausted claims are "potentially meritorious," and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278.

In this case, Petitioner failed to file a response to the motion to dismiss and has not otherwise demonstrated "good cause" for his failure to exhaust. As a result, the Court declines to stay this action while Petitioner returns to state court. If the Court were to dismiss this action without prejudice based on Petitioner's failure to exhaust state remedies, Petitioner would encounter a limitations problem were he to return to federal court after exhausting state remedies. Federal habeas corpus actions must be filed within the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Under to § 2244(d)(1)(A), Petitioner's one-year limitations period began to run 90 days after his conviction was affirmed on direct appeal. Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). The instant petition was filed September 8, 2008, well before the limitations deadline. However, because the pendency of this federal action does not toll the one-year limitations period, see Duncan v. Walker, 533 U.S. 167, 181 (2001), any effort by Petitioner to return to federal court after exhausting his claims would be precluded by the § 2244(d) limitations period.

Despite the limitations obstacle, the Court finds that it is not an abuse of discretion to dismiss this petition. Nonetheless, Petitioner should be afforded the opportunity to proceed with his exhausted claim. Therefore, should Petitioner wish to proceed with only his exhausted claim, i.e., ground 1, he may, within twenty (20) days of the entry of this Order, file an amended petition raising

only the exhausted claim and deleting the unexhausted claims. If Petitioner fails to file an amended petition within twenty days of the entry of this Order, the Court will enter an order granting Respondent's motion to dismiss and dismissing this action in its entirety without prejudice for failure to exhaust state remedies. Even if Petitioner files an amended petition deleting his unexhausted claims, he may nonetheless seek post-conviction relief in state court on his unexhausted claims.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's petition is a "mixed petition," containing both exhausted and unexhausted claims, and is subject to dismissal in its current form.

2. Within twenty (20) days of the entry of this Order, or by **May 20, 2009**, Petitioner may file an amended petition containing only the exhausted claim and deleting the unexhausted claims.

3. Should Petitioner fail to file an amended petition by the above-referenced deadline, the Court will enter an Order granting Respondent's motion to dismiss and dismissing the petition for writ of habeas corpus without prejudice for failure to exhaust state judicial remedies.

4. The Clerk is directed to send Petitioner a blank petition for writ of habeas corpus (form AO-241), marked "Amended" and identified as Case No. 08-CV-519-GKF-FHM, and a copy of the original petition (Dkt. # 1).

DATED THIS 30th day of April, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma