**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TOMMY JOE PATTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08-CV-519-GKF-FHM |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss the amended petition for writ of habeas corpus for failure to exhaust state remedies (Dkt. # 13). Petitioner, a state prisoner appearing *pro se*, has not filed a response to the motion to dismiss. For the reasons discussed below, the Court finds Respondent's motion to dismiss should be denied. Because Petitioner has defaulted a portion of one of his claims in state court, however, the defaulted claim will be denied unless Petitioner can demonstrate either "cause and prejudice" to overcome the anticipatory procedural bar or that a "fundamental miscarriage of justice" will result if his defaulted claim is not considered. The Court further finds that Respondent shall be directed to respond to the exhausted claims raised in the amended petition.

### *BACKGROUND*

By Opinion and Order filed April 30, 2009 (Dkt. # 10), the Court found that the original petition filed in this matter contained both exhausted and unexhausted claims and was subject to dismissal as a "mixed petition." However, Petitioner was afforded the opportunity to file an amended petition to delete his unexhausted claims. On May 18, 2009, Petitioner filed his amended petition (Dkt. # 11).

The record reflects that Petitioner was convicted by a jury of one count of Lewd Molestation, After Former Conviction of Two or More Felonies, in Washington County District Court, Case No. CF-2006-136. He was sentenced to twenty-five (25) years imprisonment. Attorney Jim Conatser represented Petitioner at trial. Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), Case No. F-2006-1161. On direct appeal, Petitioner was represented by attorney Kimberly D. Heinze and he raised seven (7) propositions of error as follows:

> Proposition 1: The State's evidence was insufficient to establish a knowing and intentional touch which occurred in any lewd and lascivious manner and the conviction must be reversed with instructions to dismiss.
>
> Proposition 2: R.D.'s inherently improbable and uncorroborated testimony contradicted her original denial and cannot support the verdict.
>
> Proposition 3: An evidentiary harpoon denied Mr. Patton a fair trial.
>
> Proposition 4: Admission of prejudicial victim impact evidence during Mr. Patton's single stage trial requires a new trial or favorable modification of his sentence.
>
> Proposition 5: The trial court's denial of the defense requested continuance deprived Mr. Patton of the effective assistance of counsel with time to adequately prepare the defense and resulted in his conviction.
>
> Proposition 6: Mr. Patton's sentence is excessive and must be favorably modified by reducing the term of imprisonment.
>
> Proposition 7: Cumulative errors deprived Mr. Patton of a fair trial and reliable verdict and sentence.

(Dkt. # 9, Ex. 1). By order entered December 20, 2007, the OCCA affirmed Petitioner's convictions and sentences. See Dkt. # 9, Ex. 3; Docket Sheet for F-2006-1161, www.oscn.net.

On December 16, 2008, or approximately three (3) months after commencing this habeas corpus action, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 14, Ex. 5. The record reflects that by order filed March 6, 2009, the state district court denied

post-conviction relief. Id. On April 14, 2009, an amended order was filed to correct Petitioner's middle name. Id. Petitioner filed a notice of intent to appeal on April 29, 2009. However, there is no record of a post-conviction appeal on the docket maintained by the OCCA. See www.oscn.net.

On May 18, 2009, Petitioner filed an amended petition (Dkt. # 11). In the amended petition, Petitioner identifies four (4) grounds of error, as follows:

Ground 1: The State's evidence was insufficient to establish a knowing and intentional touch which occurred in any lewd and lascivious manner.
Supporting facts: The girl was sleeping in the same bed with my two sons and I [sic]. I do remember waking up about 3 a.m. with the girl climbing over me so without thinking I set her off the bed. Me being half asleep I could have touched her accidentally, but only accidentally. She even states it was only one single touch, so an accident is what should explain it and only an accident.

Ground 2: I feel that my counsil [sic] was inadequate or ineffective, for the trial courts denial of continuance resulted in a conviction.
Supporting facts: He did not cross examine the victim in this case. Plus his hearing was so bad he did not object to anything being said. In other words, he was too old and he couldn't effectively give me a fair shake. He's in his 80s, so please take this in consideration. Plus I had hired counsil [sic] and told Mr. Conatser that his services were no longer needed. My hired counsil [sic] was not allowed to make an appearance and he was already paid. The attorney was Charles Fox of Tulsa, Oklahoma. Please look into this.

Ground 3: Mr. Patton's sentence is excessive and must be favorably modified by reducing term of imprisonment.
Supporting facts: my children need me! The thing that caused me to be in here had to be an accident. It was truly not purposely [sic] if this happened at all. Other people with crimes similar to this one are only receiving 10 yrs, balance suspended upon completion of the sex offender program or less so take this in consideration. The sex offender program takes 18 months to complete.

Ground 4: Cumulative errors deprived Mr. Patton of a fair trial and reliable verdict and sentence.
Supporting facts: their [sic] was [sic] a lot of errors in this trial. Please go over it and see. Thank you.

3

(Dkt. # 11). In response to the amended petition, Respondent filed the motion to dismiss (Dkt. # 13) presently before the Court. Respondent argues that the petition should be dismissed without prejudice because Petitioner has never fairly presented part of ground 2 to the state courts and that claim is, therefore, unexhausted. See Dkt. # 14. Petitioner did not file a response to the motion to dismiss.

## *ANALYSIS*

Habeas corpus relief cannot be granted under § 2254 unless the Petitioner satisfies the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rhines v. Weber, 544 U.S. 269, 274 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988). The exhaustion doctrine is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose, 455 U.S. at 518); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 644 (1998). "In order to exhaust his state remedies, a federal habeas petitioner must have first fairly presented the substance of his federal habeas claim to state courts." Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)).

Respondent argues that a portion of Petitioner's ground 2 has not been presented to the OCCA. After reviewing the record, including the state district court docket sheet and the brief filed by Petitioner on direct appeal, the Court finds that Petitioner raised grounds 1, 3, 4, and part of

ground 2, on direct appeal and that those grounds are exhausted. However, the Court agrees with Respondent that Petitioner has not "fairly presented" to the OCCA that part of ground 2 concerning the trial court's alleged failure to allow retained counsel to enter an appearance on behalf of Petitioner.[1] Therefore, in the absence of an exception to the exhaustion doctrine, the amended petition is a "mixed petition," subject to dismissal for failure to exhaust state remedies. Rose, 455 U.S. at 510 (holding that a federal district court must dismiss a habeas corpus petition containing exhausted and unexhausted grounds for relief).

While the Court could require Petitioner to return to state court to raise the unexhausted claim in a second post-conviction application, the OCCA routinely applies a procedural bar to such claims unless the petitioner provides "sufficient reason" for his failure to raise the claim in an earlier proceeding. Okla. Stat. tit. 22, § 1086; Moore v. State, 889 P.2d 1253 (Okla. Crim. App. 1995). Because the claim would be subject to a procedural bar in the state courts, the Court finds it would be futile to require Petitioner to return to state court to exhaust the claim. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (the futility exception is a narrow one, and is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); see also Coleman v. Thompson, 501 U.S. 722 (1991);

---

[1] Petitioner's ground 2 as raised in the amended petition challenges the assistance provided by counsel. On direct appeal, Petitioner argued that the trial court's failure to grant a continuance resulted in ineffective assistance of counsel because his attorney was unprepared for trial. See Dkt. # 9, Ex. 1. Petitioner did not complain on direct appeal that he had retained attorney Charles Fox who was not allowed to enter an appearance. That claim, construed by Respondent as a claim that the trial court denied Petitioner the right to utilize private counsel, has not been presented to the OCCA and is unexhausted. Although Petitioner asserts in his amended petition that he is in the process of appealing the denial of his application for post-conviction relief to the OCCA, nothing in the record supports that assertion. In addition, there is no record of a post-conviction appeal at the OCCA. See www.oscn.net.

Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993). Although the claim is technically unexhausted, there is an absence of available State corrective process, see 28 U.S.C. § 2254(b)(1)(B), and Petitioner's claim is not barred by the exhaustion requirement. For that reason, Respondent's motion to dismiss for failure to exhaust state remedies shall be denied.

The procedural default of Petitioner's habeas claim never before presented to the OCCA would result, however, in the imposition of a bar based on independent and adequate state procedural grounds should Petitioner return to state court to raise the claim in a second application for post-conviction relief. See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). An "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002)).

The Court finds that an anticipatory procedural bar will be applied to deny that portion of ground 2 based on the trial court's failure to allow retained counsel to enter an appearance unless Petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claim. Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of

justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991). Within thirty (30) days of the entry of this Order, Petitioner shall submit a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default as to the unexhausted claim raised in ground 2 of his amended petition.

The Court also finds that Respondent shall respond or otherwise plead to the exhausted claims as identified herein. Respondent shall file his response to Petitioner's exhausted claims within thirty (30) days of the entry of this Order. Petitioner may file a reply within thirty (30) days after the filing of Respondent's response to Petitioner's exhausted claims.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's second motion to dismiss for failure to exhaust state remedies (Dkt. # 13) is **denied.**

2. Within thirty (30) days of the entry of this Order, or by **January 11, 2010**, Petitioner shall submit a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default as to the unexhausted claim raised in part of ground 2 of the amended petition.

3. Respondent may file a **response** within thirty (30) days after the filing of Petitioner's brief addressing his defaulted claim.

4. By the above-referenced date, Respondent shall respond or otherwise plead to the exhausted claims identified herein. Extensions of time will be granted for good cause only. See Rule 4, Rules Governing § 2254 Cases.

5.  Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response to Petitioner's exhausted claims.

DATED THIS 10th day of December, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma