**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TOMMY JOE PATTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 08-CV-519-GKF-FHM |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing *pro se*. Before the Court is Petitioner's amended petition for habeas corpus relief (Dkt. # 11).[1] Respondent filed a response (Dkt. # 18), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 18, 19, 20). Petitioner did not file a reply. For the reasons discussed below, the amended petition shall be denied.

*BACKGROUND*

During the night of July 19, 2005, in Dewey, Oklahoma, Petitioner stayed at the home of his friend, Jennifer Dodson. Also sleeping in the home that night were Dodson's boyfriend, Ronnie Viles, her two sons, ages nine and seven, her seven year old daughter, and Petitioner's two sons, ages four and seven. Although there was conflicting testimony about where each of the children and adults slept, it was uncontested that Petitioner ended up in bed with Dodson's seven year old daughter, R.D.,[2] at some point during the night. On November 7, 2005, R.D. admitted to her mother

---

[1]   The original petition (Dkt. # 1) shall be declared moot.

[2]   Pursuant to Rule 5.2(a)(3), Federal Rules of Civil Procedure, the Court shall refer to the minor victim using her initials.

that Petitioner had reached into her pants and touched her "privacy" on the night of July 19, 2005. Dodson immediately reported the incident to the Dewey Police Department.

Following an investigation of the above described events, Petitioner was arrested and charged with one (1) count of Lewd Molestation, After Former Conviction of Two or More Felonies, in Washington County District Court Case No. CF-2006-136. Petitioner was tried by a jury and found guilty. Petitioner testified in his own defense at trial. On October 27, 2006, Petitioner was sentenced to twenty-five (25) years imprisonment. At trial, Petitioner was represented by attorney Jim Conatser.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Kimberly D. Heinze, he raised seven (7) propositions of error:

| | |
|---|---|
| Proposition One: | The State's evidence was insufficient to establish a knowing and intentional touch which occurred in any lewd and lascivious manner and the conviction must be reversed with instructions to dismiss. |
| Proposition Two: | R.D.'s inherently improbable and uncorroborated testimony contradicted her original denial and cannot support the verdict. |
| Proposition Three: | An evidentiary harpoon denied Mr. Patton a fair trial. |
| Proposition Four: | Admission of prejudicial victim impact evidence during Mr. Patton's single stage trial requires a new trial or favorable modification of his sentence. |
| Proposition Five: | The trial court's denial of the defense requested continuance deprived Mr. Patton of the effective assistance of counsel with time to adequately prepare the defense and resulted in his conviction. |
| Proposition Six: | Mr. Patton's sentence is excessive and must be favorably modified by reducing the term of imprisonment. |
| Proposition Seven: | Cumulative errors deprived Mr. Patton of a fair trial and reliable verdict and sentence. |

(Dkt. # 18, Ex. 1). In an unpublished summary opinion filed December 20, 2007, in Case No. F-2006-1161 (Dkt. # 18, Ex. 3), the OCCA rejected all claims and affirmed the Judgment and Sentence of the trial court.

On December 16, 2008, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 18, Ex. 4. The trial court denied post-conviction relief on March 6, 2009. Id. Petitioner did not appeal the denial to the OCCA.

Petitioner filed his federal habeas corpus petition on September 8, 2008 (Dkt. # 1). By Order filed April 30, 2009, this Court determined that the petition was a mixed petition, containing both exhausted and unexhausted claims (Dkt. # 10). The Court granted Petitioner twenty (20) days to file an amended petition raising only the one exhausted claim and deleting the unexhausted claims. Petitioner filed an amended petition on May 18, 2009, and raises four (4) grounds of error,[3] as follows:

| | |
|---|---|
| Ground One: | The State's evidence was insufficient to establish a knowing and intentional touch which occurred in any lewd and lascivious manner. |
| Ground Two: | I feel that my counsil [sic] was inadequet [sic] or inaffective [sic], for the trial court's denial of continuance resulted in a conviction. |
| Ground Three: | Mr. Patton's sentence is excessive and must be favorably modified by reducing term of imprisonment. |
| Ground Four: | Cumulative errors deprived Mr. Patton of a fair trial and reliable verdict and sentence. |

See Dkt. # 11. In response to the amended petition, Respondent argues Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). See Dkt. # 18.

---

[3] In addition to the one exhausted claim raised in the original petition, Petitioner added three more claims that had been raised on direct appeal and were exhausted.

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The

4

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 1. Insufficient evidence (ground 1)

In his first proposition of error, Petitioner claims that the State presented insufficient evidence to support his conviction for Lewd Molestation, After Former Conviction of Two or More Felonies, insofar as establishing "a knowing and intentional touch which occurred in a lewd and lascivious manner." See Dkt. # 11 at 4. The OCCA rejected this claim on direct appeal, finding as follows:

> The question of evidentiary sufficiency turns on whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 1985 OK CR 132, 709 P.2d 202 . . . The State's evidence was sufficient to meet the standard of evidentiary sufficiency under *Spuehler*.

(Dkt. # 18, Ex. 3 at 2).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

The Court finds that the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was

guilty of the felony offense of Lewd Molestation, including the elements of "knowing and intentional" and "lewd and lascivious." In applying the Jackson standard, the Court looks to Oklahoma law to determine the substantive elements of the relevant criminal offense. Jackson, 443 U.S. at 324 n.16. Under Okla. Stat. tit. 21, § 1123, the State was required to prove that: (1) Petitioner was at least three (3) years older than the victim; (2) he knowingly and intentionally, (3) touched or felt; (4) the body or private parts; (5) of a child under the age of sixteen; (6) in a lewd or lascivious manner. See Dkt. # 20-5, O.R. at 62, Instruction No. 6. Petitioner only challenges the State's proof of the second (knowing and intentional) and sixth (lewd or lascivious) elements.

In Petitioner's case, the seven year old victim testified that Petitioner touched her "privacy" with his hand and finger while lying in her bed (Dkt. # 18, Ex. 5 at 363-64). When asked if he touched her inside or outside or pants, she replied, "Inside." Id. at 364. This testimony was sufficient to show that Petitioner's acts were knowing and intentional. The jury was instructed that "the words 'lewd' and 'lascivious' have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence." See Dkt. # 20-5, O.R. at 62, Instruction No. 6. A reasonable person could infer that Petitioner's conduct in touching the victim's private parts inside her pants was lustful and evinced an eagerness for sexual indulgence. Viewing the evidence in the light most favorable to the State, the Court finds that a rational trier of fact could have found all the essential elements of the crime of lewd molestation beyond a reasonable doubt.

The Court concludes that the evidence was sufficient to support Petitioner's conviction, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, federal law, 28 U.S.C. § 2254(d)(1). Nor was it an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939

6

(recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on his ground one proposition of error.

### 2. Ineffective assistance of trial counsel (ground 2)

In ground two, Petitioner claims his trial counsel, Jim Conatser, was constitutionally ineffective because: (1) the trial court denied his request for a continuance; (2) Petitioner had hired other counsel, but the trial court did not allow him to make an appearance; and (3) trial counsel did not cross-examine the victim, his hearing "was so bad he didn't object to anything being said," he was too old, and he "couldn't effectively give [Petitioner] a fair shake." See Dkt. # 11 at 6.

In rejecting Petitioner's ineffective assistance of counsel claim on direct appeal, the OCCA found as follows:

> Proposition Five argues the district Court erred in denying a motion for continuance on the day of trial, thus rendering counsel's performance ineffective. We review the denial of the motion for continuance for abuse of discretion, and here find none. *Bryson v. State*, 1994 OK CR 32, ¶¶ 32-33, 876 P.2d 240, 254. While counsel might have completed additional matters of trial preparation with a continuance, counsel stated he had diligently prepared for trial. His representation at trial was competent and adequate to make the adversary process work. Counsel's minor errors were not so serious that he was not functioning as the counsel guaranteed by the Constitution. *Browning v. State*, 2006 OK CR 8, ¶ 14, 134 P.3d 816, 830. Proposition Five is denied.

See Dkt. # 18, Ex. 3 at 4.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).

7

A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential. " Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

As an initial matter, the Court notes that Petitioner's ground two complaint about his hired replacement counsel not being allowed to enter an appearance[4] does not support a claim that attorney

---

[4] The record does not support Petitioner's allegation that replacement counsel was not allowed to enter an appearance. On the first day of trial, after jury selection was completed, the prosecutor and defense counsel met with the trial judge. See Dkt. # 20-1, Tr. Trans. at 273. Attorney Conatser advised the judge that Petitioner's family told him they had paid a "substantial amount of money" to an attorney from Tulsa. Id. Conatser said he told Petitioner and Petitioner's family that the attorney would need to file an appearance right away, but the attorney did not do so. Id. Further, Conatser understood that the other attorney

8

Conatser was ineffective. It is pure speculation for Petitioner to assume that his desired replacement counsel would have done a better job than attorney Conatser. Further, some of Petitioner's complaints do not rise to the level of constitutional violation. First, the record belies Petitioner's allegation that counsel did not cross-examine the victim. See Dkt. # 20, Tr. Trans. Vol. II at 368-75. His assertion that counsel did not object to anything is also contradicted by the record. See e.g., id. at 306, 342. Finally, his vague allegations that his attorney was "too old" and did not give Petitioner a "fair shake" are conclusory statements which do not state a claim of ineffective assistance of counsel. See Humphreys v. Gibson, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001) (noting that conclusory allegations, without further discussion, are insufficient).

Insofar as Petitioner asserts that he was denied effective assistance of counsel because the trial court denied his request for a continuance, the Court agrees with the OCCA that counsel's performance was not rendered ineffective by the trial court's ruling. Petitioner has not shown that his counsel's performance was deficient under Strickland, or that any purported deficiencies resulted in prejudice to Petitioner. Accordingly, the OCCA's denial of relief on this claim was not an unreasonable application of Supreme Court law. Habeas relief shall be denied on Petitioner's ground two claim of ineffective assistance of counsel.

### 3. Excessive sentence (ground 3)

---

was in the courthouse that day, September 11, 2006. Id. at 274. The trial judge responded that he did not know the extent of the other attorney's involvement, but until the other attorney entered an appearance, attorney Conatser was "still on the hook." Id. at 276. Contrary to Petitioner's allegation, nothing in the record suggests that the trial court prohibited the other attorney from entering an appearance.

As his third proposition of error, Petitioner alleges that his sentence is excessive and should be reduced. On direct appeal, the OCCA rejected this claim, citing Rea v. State, 34 P.3d 148, 149 (Okla. Crim. App. 2001), and finding that "the sentence is within the statutory range and does not shock the conscience of the Court." See Dkt. # 18, Ex. 3 at 4.

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." Id.

Petitioner's twenty-five (25) year sentence is within the statutory range of punishment for the crime of Lewd Molestation, After Former Conviction of Two or More Felonies. See Okla. Stat. tit. 21, § 51.1 (B) (providing sentencing range of twenty (20) years to life imprisonment). Petitioner's sentence is at the low end of the range, and is not "extraordinary" or "grossly disproportionate" for Petitioner's conviction of Lewd Molestion, After Former Conviction of Two Felonies. See United States v. Gillespie, 452 F.3d 1183, 1190-91 (10th Cir. 2006) (collecting authorities). The OCCA's denial of relief on this claim was not an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas corpus relief on this claim.

### 4.     Cumulative error (ground 4)

In his fourth proposition of error, Petitioner contends that cumulative errors deprived him of a fair trial and reliable sentencing. On direct appeal, the OCCA rejected this claim, noting that Petitioner had not shown any prejudicial errors at trial. See Dkt. # 18, Ex. 3 at 4.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found no error in the claims raised by Petitioner, the Court finds no basis for a cumulative error analysis. Petitioner is not entitled to habeas corpus relief under § 2254(d).

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938

(10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the amended petition for writ of habeas corpus (Dkt. # 11) is **denied**. The original petition (Dkt. # 1) is **declared moot**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

DATED this 14th day of March, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT